IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHY BOLANOS,

   Plaintiff,

vs.                Civ. No. 05-1062 JP/LAM

GADSDEN INDEPENDENT SCHOOL
DISTRICT; GADSDEN INDEPENDENT
SCHOOL DISTRICT BOARD; MARTHA
GALLEGOS, in her official and individual
capacities; SELMA RAMOS-NEVAREZ,
in her official and individual capacities;
and RON HAUGEN, in his official and
individual capacities,

   Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

   On December 1, 2005, Defendants Gadsden Independent School District and the Gadsden

Independent School District Board (collectively the GISD Defendants) filed a Motion to Dismiss

for Failure to State a Claim (Doc. No. 3). On January 17, 2006, the GISD Defendants filed

Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss and Defendants'

Motion to Strike Amended Complaint (Doc. No. 9). Having reviewed the GISD Defendants'

motions, the subsequent pleadings, and the relevant law, the Court finds that both motions should

be denied.

<u>A. Background</u>

   Plaintiff Cathy Bolanos filed Plaintiff's Original Complaint (Doc. No. 1) on October 5,

2005, alleging whistleblower retaliation, intentional infliction of emotional distress (IIED), and

prima facie tort against the GISD Defendants.  On December 1, 2005, GISD Defendants filed a

FED. R. CIV. P. 12(b)(6) Motion to Dismiss For Failure To State A Claim (Doc. No. 3), premised

on the immunity provision of the New Mexico Tort Claims Act.

On January 2, 2006, Plaintiff filed Plaintiff's First Amended Original Complaint (Doc. No. 6) and Plaintiff's Response to Defendants' Motion to Dismiss (Doc. No. 7).  The amended complaint added a 42 U.S.C. § 1983 First Amendment retaliation claim against the GISD Defendants.  The amended complaint also dropped Plaintiff's whistleblower retaliation, IIED and prima facie tort claims against the GISD Defendants, but added IIED and prima facie tort claims against individual defendants Martha Gallegos, Selma Ramos-Nevarez, and Ron Haugen ("Individual Defendants").  In her response, Plaintiff argued that the GISD Defendants' motion to dismiss was moot in light of the amended complaint.

On January 17, 2006, GISD Defendants filed Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss and Defendants' Motion to Strike Amended Complaint (Doc. No. 9).  The GISD Defendants argue that Plaintiff did not comply with FED. R. CIV. P. 15(a), which requires a plaintiff to seek leave of the court before submitting an amended complaint if the defendant had filed a "responsive pleading" to the original complaint.  The GISD Defendants contend that their motion to dismiss constituted a responsive pleading and that Plaintiff's amended complaint should, therefore, be struck because Plaintiff did not seek leave of the court before filing her amended complaint.

On January 18, 2006, Plaintiff filed Plaintiff's Response to Defendants' Motion to Strike First Amended Complaint (Doc. No. 10), arguing that GISD Defendants' motion to dismiss was not a "responsive pleading" for purposes of Rule 15(a).  As a result, Plaintiff argues she was not required to seek leave of the court before filing her amended complaint.  GISD Defendants filed a Notice of Completion of Briefing (Doc. No. 11) on January 23, 2006.

B. Discussion

2

GISD Defendants' motion to strike the amended complaint should be denied because Defendant's motion to dismiss did not constitute a "responsive pleading" for purposes of Rule 15(a). The Tenth Circuit has held that the filing of a motion to dismiss does not prevent a party from subsequently amending a complaint without leave of the court. *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) ("Because defendants' motions to dismiss or for summary judgment were not responsive pleadings, [plaintiff] could have amended her complaint prior to dismissal without requesting or receiving leave of the court."); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989) (a motion to dismiss is not deemed a responsive pleading for purposes of Rule 15(a) analysis). Accordingly, Plaintiff's amended complaint was filed properly and GISD Defendants' motion to strike should be denied.

Defendants' motion to dismiss should be denied as moot. The motion to dismiss was filed in response to the claims stated in the original complaint. Plaintiff's amended complaint supercedes her original complaint. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991) (amended complaint supersedes original complaint). The motion to dismiss addressed neither the First Amendment retaliation claim (Count One of the amended complaint) nor the tort claims (Counts Two and Three of the amended complaint) brought against Individual Defendants named in the amended complaint.

IT IS ORDERED that the GISD Defendants' Motion to Strike Amended Complaint (Doc. No. 9) and Motion to Dismiss for Failure to State a Claim (Doc. No. 3) are denied.

_____

SENIOR UNITED STATES DISTRICT JUDGE